Robert F. McCULLOCH, Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL
ACCOMMODATIONS COMMISSION,
Respondent.

William Hawkins, Jr., et al., Intervenors.

No. 81-335.

District of Columbia Court of Appeals.

Argued April 14, 1982.

Decided May 25, 1982.*

Robert F. McCulloch, pro se.

Richard B. Nettler, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Roy L. Pearson, Jr., Neighborhood Legal Services Program, Washington, D. C., was on the brief, for intervenors.

Before NEBEKER and MACK, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

The landlord-petitioner seeks review of a decision of the District of Columbia Rental Accommodations Commission (hereinafter Commission) which affirmed the Rent Administrator's decision to roll back the rent and award treble damages to intervenors-tenants. The landlord contends, *inter alia,* that the statute of limitations barred the tenants from bringing the cause of action, and that the awarding of treble damages was an abuse of discretion.[1] We affirm.

The landlord purchased the four-unit apartment building at 1428 A Street, S.E. in June 1973. The tenants were living in one of the units at the time and the monthly rent was $66.50. On August 31, 1974, the landlord notified the tenants that their rent, due on September 1, was increased to $74.48. The landlord noted the increase in his registration statement filed at the end

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The government's motion for publication was granted.

1. We find the landlord's other contentions to be without merit.

of the year. On January 21, 1975, the tenants received a second rent increase notice which stated that the rent would be $77.50, due on February 1. The landlord failed to file an amended registration for this increase. When the landlord filed a new registration statement in March 1976, subsequent to the new Rental Accommodations Act of 1975, he correctly noted the increase to $77.50. Thereafter, on October 1, 1976, the landlord notified the tenants that the rent would be $99.50, beginning November 1, 1976. No amended registration statement was filed. In June 1978, the landlord filed the appropriate statement subsequent to the 1977 Rental Accommodations Act which noted the increase to $99.50.

On November 20, 1979, the tenants filed a petition/complaint with the Commission which asserted, *inter alia,* that the landlord had exceeded the rent ceiling and had given inadequate notice of rent increases.

The Rent Administrator found that the landlord had not properly implemented the three rent increases and that the information in the registration statement was incorrect and misleading. Accordingly, the Rent Administrator concluded that as a result of being charged impermissible rents, the tenants were entitled to both a rollback of the rent to the last legally charged rent ($66.50—the base rent of the apartment on February 1, 1973) and treble damages in the amount of $3,828.30 (calculated from $1,276.10 total overpayment of rent for three years multiplied by three for treble damages). The decision was affirmed by the Commission. This appeal followed.

■ The landlord first asserts that the tenants are precluded from bringing this claim by the statute of limitations because their petition was filed with the Commission more than three years after the final rent increase.[2] We disagree. We find this situation is analogous to the one dealt with in *Williams J. Davis v. Young,* D.C.App., 412 A.2d 1187 (1980), which involved a claim that arose pursuant to the Minimum Wage Act. In that case, an employee brought suit after learning that he had been underpaid for years. This court noted *supra* at 1191 n.11:

> [I]n situations involving wage violations, a new cause of action arises with each pay period. This is so despite the fact that the actual rent triggering the cause of action occurred only once. . . .

Here, with each rental payment that is illegally charged, a new cause of action will arise. If it were otherwise, then a renter who has been paying an overcharge, but only learns of it more than three years after its inception, would be barred from any recovery. One of the purposes of giving proper notice is to alert the tenants to their rights and remedies under the law; to deny them access to the Commission when the landlord's failure to supply the statutorily required information left them without sufficient information to determine their rights and remedies would be particularly unfair.[3]

■ Secondly, the landlord contends that it was an abuse of discretion for the Rent Administrator to award treble damages to the tenants. The penalties provision of the 1977 Rental Accommodations Act, codified in D.C. Code 1979 Supp., § 45–1699.24(a)(1) and (2) provides:

> (a) Any person who:
>
> (1) demands or receives any rent for a rental unit in excess of the maximum allowable rent applicable to that rental unit under the provisions of title II of this subchapter; or

2. The Commission and the tenants argue that the landlord failed to raise the statute of limitations question in any of the proceedings below and is thus precluded from raising it for the first time on appeal. *See Frenkel v. District of Columbia Rental Accommodations Commission,* D.C.App., 432 A.2d 1226, 1232 n.30 (1981). Conversely, the landlord contends that he did raise the issue at oral argument before the Commission. Because we conclude that the statute of limitations is not a bar, we need not resolve this factual dispute.

3. The recovery of rent overcharge is properly governed by the three-year statute of limitations. *Lustine v. Williams,* D.C.Mun.App., 68 A.2d 900, 902 (1949).

(2) substantially reduces or eliminates related services previously provided for a rental unit shall be held liable by the Rent Administrator or Commission, as applicable, for treble the amount by which the rent exceeds the applicable rent ceiling or for seventy-five dollars ($75.00), whichever is greater and/or for a rollback of the rent to such amount as the Rent Administrator or Commission shall determine.[4]

The plain meaning of this statute is clear from its language. The Rent Administrator has the discretion to treble damages (or award $75, whichever is greater) *and/or* roll back the rent, that is, she may award treble damages only, order a rollback only, or do both. In this instance, the Rent Administrator erroneously determined that the award of treble damages was mandatory. However, we find this error of law to be of no legal consequence in this instance since the Rent Administrator did, in effect, exercise her discretion. She not only awarded treble damages, she also ordered the rollback of rent, giving every indication that she intended that the maximum penalty permitted by law be imposed, saying at page 8 of her decision:

> [T]he landlord respondent . . . has clearly engaged in a pattern designed to misrepresent to this office exactly what he was charging . . . [and] that respondent has operated in a clear pattern of illegal disregard and willful non-compliance with the District's rent control laws from 1974 to the present.

We conclude, therefore, that because there was a rational basis for the imposition of the penalty imposed, the error was non-prejudicial. Moreover, the Commission, whose decision we review, while affirming

the Rent Administrator's decision recognized that the 1977 Act "no longer requires that treble damages be mandatory. That statute grants the Examiner discretion." Thus, the Commission in effect exercised its discretion and found that treble damages should be awarded. (Decision and Order of the D.C. Rental Accommodations Commission at 6.)

 The remaining question is whether the Commission's findings are supported by substantial evidence in the record considered as a whole. *Washington Post Co. v. District Unemployment Compensation Board,* D.C.App., 377 A.2d 436, 439 (1977). We conclude that there is sufficient evidence in the record to support the Commission's decision to award treble damages and to roll back the rent.

*Affirmed.*

---

4. This is a change from the penalties provision of the 1975 Rental Accommodations Act, D.C. Code 1978 Supp., § 45–1655(a)(1) and (2), which provides:

> (a) Any person who—
> (1) demands or receives any rent for a rental unit in excess of the maximum allowable rent applicable to that rental unit under the provisions of this subchapter, or
> (2) substantially reduces or eliminates related services previously provided for a rent-

al unit, shall be held liable by the Rent Administrator for treble the amount by which the rent exceeded the applicable rent ceiling or for $50, whichever is greater.

In *Smith v. District of Columbia Rental Accommodations Commission,* D.C.App., 411 A.2d 612, 615 (1980), we held that the awarding of treble damages was mandatory under the 1975 Act.