**DELWIN REALTY CO., Petitioner,**

v.

**DISTRICT OF COLUMBIA HOUSING COMMISSION, et al., Respondent.**

No. 82–335.

District of Columbia Court of Appeals.

Argued Jan. 19, 1983.
Decided March 3, 1983.

Paul S. Penczner, Washington, D.C., for petitioner.

Richard B. Nettler, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before NEWMAN, Chief Judge, and KERN and MACK, Associate Judges.

NEWMAN, Chief Judge:

### I

This case arises from a tenant complaint filed on September 17, 1980 with the Rental Accommodations Office (hereinafter RAO), on behalf of tenants residing at 2339, 2341, 2343 and 2349 Green Street, S.E. (housing accommodations managed by petitioner), alleging that, as a result of a decrease in a service previously provided, the rent being charged was higher than the law allows. Prior to April 1980, petitioner had provided electricity to its tenants for part of the rent collected. However, in April, petitioner notified its tenants that it would no longer provide electricity and, therefore, each tenant should make arrangements with the Potomac Electric Power Company (PEPCO) to obtain individual service for their respective apartments. As of June 1, 1980, rents were reduced as follows: $17 for a one bedroom apartment, $27 for a two bedroom apartment and $37 for a three bedroom apartment. Some tenants paid the reduced rent, others continued to pay their previous rent minus a sum equivalent to the cost of electricity, and others allegedly refused to pay any rent, but, as a result of a court action instituted by petitioner, were paying their rent into the registry of the court.

When it became apparent that the reduction in rent did not correspond to the increase resulting from the payment of electric bills, the tenants filed a complaint with the Rental Accommodations Office.

On October 10, 1980, a hearing was held on the tenants' complaint. Thereafter, on December 16, 1980, the Rent Administrator found that the landlord, Rem Van Associates (represented by its agent, the Delwin Realty Company), conceded that it had not petitioned the Rent Administrator for an adjustment in the rent ceiling. On the basis of a random sample of PEPCO bills for sixteen units compared with the PEPCO bill for the entire complex for the same period in the previous year, the Rent Administrator found that the landlord had not reduced the tenants' rent as much as it should have. Accordingly, both petitioner and the tenants were ordered to present to the hearing examiner PEPCO bills for the period June through December 1980 and those PEPCO bills for calendar year 1979. After reviewing the bills, on January 27, 1981, the Rent Administrator concluded that, instead of reducing rents from $17 through $37, the rents should have been reduced $27 for a one bedroom unit, $40 for a two bedroom unit and $69 for a three bedroom unit. Petitioner and its principal, Rem Van Associates, therefore were ordered to (1) further reduce the rent ceiling at the subject units retroactive to June 1, 1980, (2) refund to each tenant the excess amount collected for the period June 1, 1980 through January 1981, plus treble damages, and (3) file with the RAO both a plan for the refund of rents and an amended registration statement. Petitioner appealed that decision to the Rental Housing Commission (hereinafter the Commission) and moved for a stay. In its appeal, petitioner asserted that its reduction in rent was sufficient and that it was not required to file a petition seeking an adjustment in rent.

On February 9, 1981, the Commission stayed the Rent Administrator's decision on the condition that the amount ordered to be

refunded be placed in an escrow account.[1] The tenants, however, moved the Commission to reconsider or modify its stay order. This the Commission did, on April 22, 1981, by vacating its previous order and setting the matter for a compliance hearing before the Rent Administrator. A hearing was held on July 16, 1981. On October 2, 1981, the Rent Administrator concluded that petitioner's refund plan was not acceptable. The matter then came back before the Commission.

On October 16, 1981, petitioner again moved for a stay of the Rent Administrator's decision and argued that the refund of excess rents collected should be postponed until a rent strike by some of the tenants, a matter under consideration by the Superior Court, could be resolved. On February 18, 1982, the Commission stayed the Rent Administrator's decision.

On March 10, 1982, petitioner's appeal was heard by the Commission. Petitioner no longer contested the amount of the reduction in rent the Rent Administrator had ordered: rather, for the first time, petitioner argued that, since there was no substantial evidence in the record showing that excess rents were actually collected, it could not be ordered to refund any excess rent. Petitioner also contended that the award of treble damages was improper and argued that it was not required to petition for a rent reduction when, as a result of a reduction in services, it wished to reduce the tenants' rent. In its amended decision on June 24, 1982,[2] the Commission noted that the question of whether the tenants paid excess rent was not contested before the Rent Administrator and that, in any event, petitioner was only required to make refunds of excess rent charged to those from whom it was collected.[3] Moreover, it ruled,

the award of treble damages was a proper exercise of the Rent Administrator's discretion because there was substantial evidence showing that petitioner had violated the law by failing to implement a corresponding rent reduction when it reduced a related service previously provided the tenants.

## II

Rent charged in excess of applicable rent ceilings violates D.C.Code § 45–1699.-24(a)(1) (1973 Supp. VII). In such situations the Rent Administrator has the discretion, pursuant to that code section, to award treble damages. *McCulloch v. District of Columbia Rental Accommodations Commission,* 449 A.2d 1072, 1074 (D.C.1982). This section is triggered by mere demand for excess rent; there is no requirement of proof that the excess rent was actually collected.

The only finding of fact required in this case was a determination of a reasonable rent once the provision of electricity ceased. The Administrator examined the cost of electricity for each size rental unit and determined the amount by which the rent should have been reduced. There is substantial evidence in the record to support this calculation.

*Affirmed.*

---

**1.** Petitioner then sent rent reduction notices to its tenants which also included a rent increase pursuant to § 207(b) of the Rental Housing Act of 1980, D.C. Law No. 3–131, D.C.Code § 45–1517(b) (1981).

**2.** Hereafter all references to the Commission's decision will be to the one issued on June 24, 1982.

**3.** The Commission ruled that the fact of payment may be presumed in normal landlord-tenant relationships; hence it was not error for the Administrator to fail to make a separate finding of fact on this issue.