**Morris REMIN, et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION,**
**Respondent.**

**No. 82–1254.**

District of Columbia Court of Appeals.

Argued June 8, 1983.
Decided Jan. 17, 1984.

Eric Von Salzen, Washington, D.C., with whom Daniel R. White, Washington, D.C., was on the briefs for petitioners. Stephen A. Goldberg and Susan M. Hoffman, Washington, D.C., also entered appearances for petitioner.

Lutz Alexander Prager, Asst. Corporation Counsel, Washington, D.C., with whom Judith W. Rogers, Corporation Counsel, Washington, D.C., at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, Washington, D.C., were on the brief for respondent. Richard B. Nettler, Asst. Corporation Counsel, Washington, D.C., also entered an appearance for respondent.

Before PRYOR and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

The two petitioners (Morris Remin and Stanley Westreich), each the landlord at some point, seek review of a decision of the District of Columbia Rental Housing Commission (hereinafter Commission) which affirmed the Rent Administrator's decision to roll back the rent and award treble damages to the tenant. On appeal, petitioner

Remin contends that the Commission erred in denying him the benefit of the "4-unit exemption" of § 205(a)(4) of the Rental Housing Act of 1977.[1] Both petitioners contend that the Commission erred in affirming the Hearing Examiner's assessment of treble damages against them. We affirm.

This case arises from a tenant complaint filed by Janet Snyder of 2201 L Street, N.W., Apt. 219, on April 20, 1981, with the Rental Accommodations Office (hereinafter RAO), alleging that her rent of $425 per month was illegal and that her landlord was not properly registered. Tenant Snyder also petitioned the RAO to direct the landlord to give her the first right of refusal which she claimed she was denied when the unit was conveyed in June 1980. However, at the June 20, 1981, hearing held on the tenant's complaint, the tenant withdrew the first right of refusal request and challenged only the legality of the rent ceiling. At the hearing, petitioner, Stanley Westreich, the former owner of the property, admitted both to overcharging the tenant from November 1979 through June 1980, and to failing to register apartment 219 with the RAO, as required by D.C.Code § 45–1686(d) (Supp. VII 1980).

At the time of the hearing the current owner of the property, Morris Remin, owned three condominium units at 2201 L Street, N.W., while his wife, Rose, owned two units at the same location. The Remins did not appear before the RAO. However, his counsel argued that Morris Remin could not be held liable for rent overcharges because he qualified for exemption from rental regulation since he owned four or fewer rent units in the District of Columbia. Counsel for Remin offered evidence of a copy of a Claim of Exemption Statement filed with RAO on March 17, 1981, to support this position. Subsequent to the hearing, on September 1, 1981, Remin sold one of his rental units. In a letter to the Hearing Examiner dated August 11, 1981, Remin had informed the RAO of the sale. The letter was accompanied by a copy of the deed transferring a rental unit to Alexander Westreich for an undisclosed amount.

Thereafter, on April 12, 1982, the Rent Administrator held that Remin did not qualify for the "4-unit exemption" because, beginning June 1980, Remin acquired an interest in all five units that he and his wife owned. The decision focused on dower rights maintaining that under District laws one spouse has an interest, "direct or indirect" in the property of the other. Remin was ordered to pay Snyder treble damages from June 1980 through August 1981, and ordered that future rents be set no higher than the rent ceiling. The decision also ordered Westreich to pay Snyder treble damages for his rent control violation plus interest. Both petitioners filed a timely appeal of the decision to the Commission. The Commission affirmed the Hearing Examiner's findings in its decision and order dated September 15, 1982. This appeal followed.

Petitioners make several arguments on appeal. Remin contends that initially he qualified for the "4-unit exemption," but in the alternative, the subsequent sale of one rental unit qualified him for the exemption. Both Remin and Westreich maintain that the Hearing Examiner failed to exercise discretion when he assessed treble damages against them. We find no merit in the claims.

■ Our review in this case is limited to whether the Commission's findings are unsupported by substantial evidence in the record as a whole, or whether its decision is grounded on a faulty legal premise, or amounts to an abuse of discretion. D.C. Code § 1–1501(a)(1)(3) (1981) (Supp. VII 1980). *Neer v. D.C. Police and Firemen's Retirement and Relief Board,* 415 A.2d 523, 526–36 (D.C.1980); *Newsweek Magazine v. D.C. Commission on Human Rights,* 376 A.2d 777, 783–84 (D.C.1977).

---

1. D.C.Code § 45–1686(a)(4) (Supp. VII 1980).

■ D.C.Code § 45–1699.24(a)(1)(2) (Supp. VII 1980), provides that:

(a) Any person who:

(1) demands or receives any rent for a rental unit in excess of the maximum allowable rent applicable to that rental unit . . .

(2) . . . shall be held liable by the Rent Administrator, or Commission, as applicable, for treble the amount by which the rent exceeds the applicable rent ceiling or for seventy-five dollars ($75.00), whichever is greater and/or for a roll-back of the rent to such amount as the Rent Administrator or Commission shall determine.

Pursuant to § 45–1699.24(a)(1), the Rent Administrator has the discretion to award treble damages. *Delwin Realty Co. v. District of Columbia Rental Housing Commission,* 458 A.2d 58, 60 (D.C.1983); *McCulloch v. District of Columbia Rental Accommodations Commission,* 449 A.2d 1072, 1074 (D.C. 1982). However, this section of the 1977 Act does not require that the award of treble damages be mandatory. *Id.* at 1074.

■ In exercising its discretion, the Commission considered the deliberateness of both petitioners' conduct, the plausibility of their defenses, and the best remedy for the situation. Thus, treble damages against Westreich were awarded by the Commission based on its findings that his actions were both voluntary and willful, despite his claim that after 10 years' experience in the real estate rental business in the District of Columbia, he was unfamiliar with rent ceiling laws. The Commission also found that Remin knowingly collected illegal rents despite his claim of exemption. We conclude that there is sufficient evidence in the record to support the Commission's decision.[2] Furthermore, the award of treble damages is both a proper and sometimes necessary tool to remedy such a situation and discourage its repetition. We find no abuse of discretion.

In regard to petitioners' second argument, landlord Remin claims that rental unit 219 was exempt from rent control because D.C.Code § 45–1686(a)(4) (Supp. VII 1980) exempts:

[A]ny rental unit in any housing accommodation of four (4) or fewer units, including any aggregate of four (4) units whether within the same structure or not: Provided, that:

(A) such housing accommodation is owned by not more than four (4) natural persons;

(B) none of such owners has an interest either *directly or indirectly,* in any other rental unit in the District of Columbia; and

(C) the owner(s) of such housing accommodation shall file with the Rent Administrator a claim of exemption statement which shall consist of an oath or affirmation by such owner(s) of the valid claim to the exemption. The claim of exemption statement shall also contain the signatures of each person having an interest (direct or indirect) in the housing accommodation. Any change in the ownership of the exempted housing accommodation or change in the owner's interest in any other housing accommodation which would invalidate the exemption claim must be reported in writing to the Rent Administrator within thirty (30) days of such change. [Emphasis added.]

The Commission found that the purpose of including the term "indirect interest" in § 45–1686(a)(4) was to prevent the conveying of bare legal title to others in an effort to keep within the 4-unit exemption. Therefore, it found that the Remin units were not exempt from rent control laws since Mr. Remin had an interest, "directly or indirectly" in five units: the three in his own name and the two in his wife's name. In addition, the Commission refused to consider Remin's subsequent transfer of one of his three units since the issue was not spe-

2. Remin's landlord registration form stated that the maximum allowable rent under rent control for unit 219 was $236.50. Remin charged Ms. Snyder $375 per month through October 1980, and $425 thereafter.

cifically raised in his notice of appeal to the Commission.

■ An agency's interpretation of a statute that it administers and enforces is controlling, unless it is plainly wrong or inconsistent with its legislative purpose. *Totz v. District of Columbia Rental Accommodations Commission,* 412 A.2d 44, 46 (D.C.1980). Exemptions from rent control laws should be narrowly construed in light of the intent of the legislature and plain meaning of the legislation. *Bernstein v. Lime,* 91 A.2d 841, 843 (D.C.1952). Moreover, the landlord has the burden of establishing that an exemption applies. *Id.*

The Commission held that Remin had a dower interest in the two units owned by his wife by virtue of District of Columbia intestate laws. D.C.Code § 19–102 provides in part:

(a) The widow of a deceased man, with respect to parties who inter-married prior to November 29, 1957, or the widow or widower of a deceased person dying after March 15, 1962, is entitled to dower and its incidents as the rights thereto were known at common law with respect to widows, including the use, during her or his natural life, of one-third part of all the land on which the deceased spouse was seized of an estate of inheritance at any time during the marriage . . . .

■ Petitioner offered no evidence that he did not have an indirect interest in his wife's property. We uphold the Commission's broad interpretation of the purpose of D.C.Code § 45–1686(a)(4) (Supp. VII 1980). It is both rational and reasonable for the Commission to assert that the law prevents persons from claiming the four unit rent control exemption when other units are owned by a wife.

■ The issue concerning Remin's sale of one unit in August of 1981 was not properly raised before the Commission. The Commission had no opportunity to consider the issue and it cannot be raised on this appeal. Furthermore, the sale occurred after the record in the case was closed.

*Affirmed.*