INTERSTATE GENERAL
CORPORATION,
Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL
HOUSING COMMISSION,
Respondent.

No. 84–641.

District of Columbia Court of Appeals.
Argued June 6, 1985.
Decided Sept. 27, 1985.*

---

* The decision in this case was originally issued as a memorandum opinion and judgment. The motion of the respondent for publication has been granted by the court.

Peter C. Schaumber, with whom Gerald F. Ivey, Washington, D.C., was on the brief, for petitioner.

Richard B. Nettler, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before NEBEKER, MACK and TERRY, Associate Judges.

PER CURIAM:

Petitioner, the manager of an apartment complex, challenges a decision by the Rental Housing Commission ordering a monetary refund to tenants, pursuant to the Rental Housing Act of 1977 (the "Act"), D.C.Law 2–54, D.C.Code § 45–1681 *et seq.* (1980 Supp.), on the ground that a loss of air conditioning in tenants' apartments during the summer months of 1979 constituted a substantial reduction in service.

Petitioner also seeks review of the Commission's rulings that a purportedly exculpatory clause in the lease agreement did not relieve it of liability for the reduction in service, and that the damage refund provision of the Act required the award of treble damages.[1] We affirm.

Petitioner's first contention, that the Commission erred in finding a substantial reduction in air conditioning service, is based upon two arguments: (1) that § 45–1692 of the Act requires a finding of willfulness on the part of the landlord, and that no such finding can be made in light of the temporary and unintentional disruption in service in this case; and (2) that in light of the fact that a substantial reduction in service cannot be found, clause 26 of the lease agreement relieves petitioner of all liability.

 Initially we note that petitioner does not challenge the Commission's central factual finding, that there was a forty-five (45) day loss of air conditioning.[2] Rather, petitioner argues that the *average* daily temperature during the month of June 1979 was 72 degrees, and as the air conditioning system was set to maintain a temperature of 78 degrees, it would not have activated; that the apartments had adequate ventilation; and that it spent $27,000 to repair the system. These matters are irrelevant to the question of whether the tenants were substantially deprived of a service which the landlord contracted to provide. Thus, petitioner presupposes that the language of § 45–1692 is couched in such a way as to imply that the landlord's conduct must constitute willful neglect or affirmative wrongdoing *before a reduction in service can be termed substantial.* This is not the case.

---

1. Petitioner also challenges the monetary valuation of the loss of service, arguing that it was arbitrary, capricious and not supported by substantial evidence; and that relief should not have been extended to all members of the tenants association.

2. The tapes of the hearings were lost, thus no transcripts of the proceedings are available. The records of the proceedings, including stipulations of relevant testimony, were sufficiently complete, however, for purposes of this review.

When, as here, tenants file a complaint/petition stating that they are due a refund for an alleged substantial decrease in services, the rent administrator, pursuant to D.C.Code § 45–1695(a) (1980 Supp.), "shall consider adjustments allowed by sections ... 45–1692."

Section 45–1692 provides:

If the Rent Administrator determines that the related services or related facilities supplied by a landlord for a housing accommodation or for any rental unit therein are substantially increased or decreased, the Rent Administrator may increase or decrease the rent ceiling, as applicable, so as to proportionally reflect the value of the change in services or facilities.

■ The plain meaning of the statute is clear from its language, and thus we cannot read into it the qualifying limitation which petitioner suggests. *See Bulls v. United States*, 490 A.2d 197, 200 (D.C. 1985) (when statute is clear, we are not empowered to look beyond literal meaning). It requires only that there be a finding by the Rent Administrator that there has been a substantial change in the services or facilities provided by the landlord. It does not require that the Rent Administrator look beyond the substantial change to ascertain whether an affirmative act by the landlord caused the change. The question of substantiality goes simply to the degree of the loss. The degree of the loss here is substantiated by the length of time that the tenants were without service, and we therefore find that the Commission's findings are amply supported by the evidence. *See* D.C.Code § 1–1510(a)(3)(E) (1981); *Remin v. District of Columbia Rental Housing Commission*, 471 A.2d 275, 277 (D.C. 1984); *Neer v. District of Columbia Police and Firemen's Retirement and Relief Board*, 415 A.2d 523, 525–26 (D.C.1980).

Petitioner argues further that clause 26 of the lease agreement relieves it of liability. The clause provides:

Landlord shall be under no liability to tenant due to any discontinuance of heat, hot or cold water, air conditioning, elevator service, or for the discontinuance of any other service caused by accidents, breakage, or strikes or from any accident or damage caused by the handling of electric wires or lights.

■ Obviously, this clause of the lease cannot be read to defeat the tenants' rights or the landlord's obligations under the Act. Petitioner itself concedes that the clause does not "exculpate [it] from liability due to a substantial reduction in service." Rather, petitioner argues that the clause is applicable to those situations in which a substantial reduction is not found and that this case presents such a situation because the interruption in service was temporary and unintended. Clearly, this argument cannot prevail unless it can also be concluded that there was no substantial reduction in service, as this is the linchpin of the whole contention. As we have already concluded that there is substantial evidence to support the Commission's finding of a substantial reduction, petitioner's reliance upon clause 26 must fail.

Finally, petitioner contends that the Commission erred in ruling that the 1977 Rental Housing Act requires mandatory trebling of damages,[3] as (1) it is within the Rent Administrator's discretion to make such a determination; and (2) there was no factual basis upon which to impose treble damages, given the Rent Administrator's finding that petitioner made good faith attempts to correct the loss of air conditioning.

The penalties provision of the 1977 Act provides:

(a) Any person who:

(1) demands or receives any rent for a rental unit in excess of the maximum

---

**3.** Petitioner misstates the Commission's actual ruling. The Commission stated that damages had to be trebled when a refund was awarded.

**1264**

allowable rent applicable to that rental unit under the provisions of title II of this subchapter; or

(2) substantially reduces or eliminates related services previously provided for a rental unit shall be held liable by the Rent Administrator, or Commission, as applicable, for *treble the amount* by which the rent exceeds the applicable rent ceiling or for seventy-five ($75.00), whichever is greater *and/or for a rollback* of the rent to such amount as the Rent Administrator or Commission shall determine [emphasis added].

D.C.Code § 45–1699.24 (1980 Supp.).

While correctly noting that the Rent Administrator has discretion, petitioner fails to appreciate the limits of that discretion. The plain meaning of the statute is that "[t]he Rent Administrator has discretion to treble damages (or award $75, whichever is greater) *and/or* roll back the rent, that is, she may award treble damages only, order a rollback only, or do both." *McCulloch v. District of Columbia Rental Accommodations Commission,* 449 A.2d 1072, 1074 (D.C.1982) (per curiam) (emphasis in original).

■ In this case the Rent Administrator awarded a refund, and the Commission concluded that "under the 1977 Act when a *refund* is awarded, it must be trebled." The Commission, then, drew a distinction between a refund and a rollback. We do not think that this distinction is inconsistent with the plain meaning of § 45–1699.24. *See McCulloch v. District of Columbia Rental Accommodations Commission, supra,* 449 A.2d at 1074.

■ Implicit in petitioner's argument is again the repeated suggestion that a penalty (here treble damages) is not to be imposed unless it can be shown that a landlord acted willfully, knowingly or in bad faith.[4] Petitioner argues that such a showing cannot be made here as the rent administrator found that (1) petitioner had not acted willfully or knowingly during the period the air conditioning was inoperative; (2) the loss was beyond petitioner's control; (3) the delay in correcting the situation was attributable solely to the problems in assessing the nature of the problem and securing replacement parts; and (4) petitioner made a good faith attempt to repair the system, spending $27,000 in the effort. Petitioner argues further that the Commission erred in disregarding those findings.

The Commission concluded, in response to petitioner's argument, that:

In this case, the Hearing Examiner resolved the issue of the award of damages based upon the standards set forth in the Rental Housing Act of 1980.[5] That stand[ard] allows a Hearing Examiner to award a refund of damages or a refund, trebled, at his discretion if it is found in the exercise of that discretion that exceptional circumstances which mitigate against a trebled refund exist. However, that discretion is not allowed under the 1977 Act. The Rental Housing Commission has stated time and time again that under the 1977 Act when a refund is awarded, it must be trebled.

were discretionary, not mandatory, and were therefore imposed as an additional penalty.

This case is easily distinguishable as only a refund was awarded, and as we have discussed *supra,* treble damages are mandatory in such a case, the landlord's lack of willfulness notwithstanding.

**5.** The Commission had concluded earlier that the law applicable to the tenants' complaint, which was filed in 1979, was the Rental Housing Act of 1977.

---

**4.** Petitioner alleges support for this contention in our decisions in *Remin v. District of Columbia Rental Housing Comm'n, supra,* and *McCulloch v. District of Columbia Rental Accommodations Comm'n, supra.* It argues that in each of those decisions the Commission, and this court, considered the *nature* of the landlord's conduct before determining that the imposition of treble damages was proper. While petitioner's argument may be facially correct, it fails to take into account the fact that in those decisions the Commission imposed a rollback *and* treble damages. As a refund was not awarded, treble damages

Our review of that ruling necessarily requires that we review the statute itself, and "[i]n reviewing the construction of a statute by the agency charged with its interpretation and enforcement, the agency's interpretation is controlling unless it is plainly erroneous or inconsistent with the statute." *Weaver Brothers, Inc. v. District of Columbia Rental Housing Commission*, 473 A.2d 384, 388 (D.C.1984) (quoting *Totz v. District of Columbia Rental Housing Accommodations Commission*, 412 A.2d 44, 46 (D.C.1980) (per curiam)). The Commission's conclusion that § 45–1699.24 does not require a showing of willfulness to support an imposition of treble damages is neither plainly erroneous nor inconsistent with the statute.

Indeed, a comparison of the penalty provisions in the 1977 Act and the 1980 Act makes the Commission's point clear and demonstrates the fallacy in petitioner's argument. Section 901 of the 1980 Rental Housing Act, D.C.Law 3–131, D.C.Code § 45–1591(a) provides: "Any person who *knowingly:* (1) Demands or receives any rent for a rental unit in excess ...; or (2) substantially reduces or eliminates related services ... shall be held liable ..." [emphasis added]. The penalty provision of the 1977 Act, on the other hand, provides simply that "Any person who: (1) demands or receives any rent for a rental unit in excess ...; or (2) substantially reduces or eliminates related services ... shall be held liable." No showing of knowledge, and thus willfulness, must be made to trigger the provisions of § 45–1699.24(a).

Moreover, petitioner's argument begs the question because implicit in the circumstances of this case is the fact that petitioner acted willfully in not acting to have the rent ceiling decreased so as to reflect the value of the change in services. The rent administrator made the fact clear when she stated, in ordering the refund:

if the Administrator finds ... a landlord has collected a rent that exceeds the allowable rent ceiling he shall order:

(a) The landlord to refund the excess amounts collected....

District of Columbia Rental Accommodations Commission Regulations § 5.11 (1977). The wrongdoing on the part of petitioner then is not that it took affirmative steps to reduce services, as it clearly did not, but that after the fortuitous disruption in service, it did not act to have the rent ceiling decreased.

In *Delwin Realty Co. v. District of Columbia Housing Commission*, 458 A.2d 58 (D.C.1983), the petitioner argued that treble damages were inappropriate because though excess rent had been demanded, there was no substantial evidence in the record showing that it had actually been collected. We concluded there that the provisions of the penalty section (D.C.Code § 45–1699.24(a)(1) (1973 Supp. VII)) were triggered by the mere demand and that there was no "requirement of proof that excess rent was actually collected." *Delwin Realty Co. v. District of Columbia Housing Commission, supra*, 458 A.2d at 60. Similarly, in this case, the provisions of § 45–1699.24 were triggered by the finding that services had been reduced without a concomitant proportional reduction in rent; no more needed to be proven.

It is, therefore, ordered that the decision of the Rental Housing Commission be

*Affirmed.*