**Peter P. KAPUSTA, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION,
Respondent,**

and

**Curtis Pressley, Intervenor.**

**No. 95–AA–161.**

District of Columbia Court of Appeals.

Submitted Feb. 13, 1997.

Decided Oct. 30, 1997.

Gary D. Wright, Bethesda, MD, was on the brief for petitioner.

Charles F.C. Ruff, Corporation Counsel at the time the brief was filed, with whom Charles L. Reischel, Deputy Corporation Counsel, and Lutz Alexander Prager, Assistant Deputy Corporation Counsel, were on the brief for respondent.

H.A. Cramer, filed a statement in lieu of brief on behalf of the intervenor.

Before FARRELL and KING, Associate Judges, and MACK, Senior Judge.

MACK, Senior Judge:

A petitioning landlord, Peter P. Kapusta, challenges the decision of the Rental Housing Commission affirming a hearing examiner's order that he pay $2004 to a tenant for demanding rent in excess of the rent ceiling. Kapusta contends the Commission erred in ordering him to pay a "rent refund" of money he overcharged but never collected. We affirm.

Kapusta, as a housing provider, rented an apartment to a tenant under terms violative of a statute designed to stabilize rents in the District of Columbia. *See* Rental Housing Act of 1985, D.C.Code §§ 45–2501 to –2594 (1996). Specifically, Kapusta rented the apartment for $410 a month for nine months at a time when the rent ceiling was $200 a month. He received payment for only one month.

A hearing examiner ordered Kapusta to pay his former tenant $2004, a figure which is based on the amount of money Kapusta demanded for the nine-month period.[1] The examiner found that Kapusta had failed to document his claim that he had filed the requisite rent increase forms justifying the rent charged. The Commission affirmed the

---

1. Again, specifically, petitioner charged the tenant $410 a month from October of 1991 through July of 1992, while the rent ceiling was $200 a month. Thus, the tenant was overcharged $210 for nine months, or $1890. (The tenant actually paid rent for one month and thus overpaid $210.) The agency ordered petitioner pay the tenant $1890 plus $114 in interest, for a total of $2004.

The Commission appears to have assessed interest only on the money that the tenant overpaid. *See* D.C.Code § 28–3302 (1996). Because the assessment of interest is not a question before the court, we do not discuss it further.

hearing examiner's order and Kapusta seeks judicial review of the final agency decision. *See* D.C.Code § 45–2529 (1996).

The penalty provision of the applicable statute, states in pertinent part:

> Any person who knowingly ... *demands or receives* any rent for a rental unit in excess of the maximum allowable rent ... shall be held liable ... for the amount by which the rent exceeds the applicable rent ceiling or for treble that amount (in the event of bad faith) and/or for a roll back of the rent to the amount the ... Commission determines.

D.C.Code § 45–2591(a) (1996) (emphasis supplied).

Kapusta concedes that the finding that he violated the statute must be sustained and contests only the extent of the remedy. He does not challenge the Commission's authority in general to hold a landlord liable for the amount of money either demanded or received in excess of the rent ceiling (or indeed, upon additional findings, for treble damages). Instead, Kapusta makes the technical argument that the Commission here ordered him to pay a "rent refund," and it lacks authority in his view to award a "rent refund" for months in which a tenant has not paid rent.

Kapusta's contention is premised on the Commission's characterization in its order of the remedy as a "rent refund."[2] Kapusta defines "refund" as "giving back" or "putting back" and cites an unidentified edition of Webster's dictionary. *Cf.* WEBSTER'S NEW INTERNATIONAL DICTIONARY 1910 (3d ed.1986) (defining refund to mean: "to give or put back ... to return (money) in ... repayment") (insertion in original). Based on this definition of refund, Kapusta contends one "cannot refund that which has never been received" and concludes the Commission erred in ordering him to "refund" money he never collected.

Kapusta's contention ignores the meaning of "rent," which is a term of art. According to the definition section of the statute, " 'Rent' means the entire amount of money ... *demanded, received, or charged* by a housing provider...." D.C.Code § 45–2503(28) (1996) (emphasis supplied). Thus the Commission's order for a "rent refund" of money demanded but never received comports with the language of the statute. When read with the definition of rent, the statute commands that a violator "shall be held liable ... for the amount by which the ['entire amount of money ... demanded, received or charged'] exceeds the applicable rent ceiling...." D.C.Code § 45–2591(a) (1996); D.C.Code § 45–2503(28) (1996).

This interpretation of the statute accords with our case law discussing the related remedy of treble damages in prior versions of the statute. *See, e.g., Delwin Realty Co. v. District of Columbia Hous. Comm'n,* 458 A.2d 58, 60 (D.C.1983) (stating that the award of treble damages "is triggered by mere demand for excess rent; there is no requirement of proof that excess rent was actually collected"); *Afshar v. District of Columbia Rental Hous. Comm'n,* 504 A.2d 1105, 1108 (D.C.1986) (concluding that "a landlord who even demands rent in excess of the established ceiling will be liable for either treble the excess ... a rollback of the rent, or both"); *Temple v. District of Columbia Rental Hous. Comm'n,* 536 A.2d 1024, 1025 (D.C. 1987) (describing orders to pay "trebled rent overcharges" as a "refund," though only one third of the amount had been collected); *id.* at 1037 (noting "the rent refunds were trebled, thereby resulting in a substantial damage award"). Thus, we reject Kapusta's contention and conclude the Commission did not err in ordering a rent refund based on the amount of money that Kapusta demanded in excess of the rent ceiling.

Of course, as the Commission pointed out, Kapusta was not without remedy for the rent

---

2. The phrase "rent refund" appears in the agency's regulations:

> Where it has been determined that a housing provider knowingly demanded or received rent above the rent ceiling for a particular rental unit ... the Commission shall invoke any or all of the following types of relief:

> (a) A *rent refund;* and
> (b) Treble the amount of the rent refund ordered paid;
> ....

14 DCMR § 4217.1 (1991) (emphasis supplied).

properly owed to him that the tenant had failed to pay. That remedy lay through an appropriate action in the Civil Division of the Superior Court. The Commission's view is that it "has no power to adjudicate the amount [of unpaid rent] due or to direct setoffs against the tenant's unpaid· rent." Kapusta does not challenge that determination, and we therefore have no occasion to consider it.

*Affirmed.*