The ESTATE OF Linda BLACKWELL,
as Personal Representative, Marie
Edelin, Appellant,

v.

Peter CAMPBELL, Appellee.

No. 08–CV–278.

District of Columbia Court of Appeals.

Submitted July 21, 2009.

Decided Aug. 31, 2009.*

Nathan A. Neal, Supervising Attorney, D.C. Law Students in Court Program, with whom Jamila A. Diggs, Daniel Hughes, Regan Williams, and Daniel Allman, Student Attorneys, were on the brief for appellant.

No brief was filed on behalf of appellee.

Before WASHINGTON, Chief Judge, and PRYOR and KERN, Senior Judges.

PER CURIAM:

The instant appeal arises out of a protracted litigation between appellee-landlord Peter Campbell, proceeding *pro se*, and the estate of appellant-tenant Linda Blackwell regarding rental increases during the lifetime of tenant.

The record reflects that tenant rented housing from landlord for $555 per month in Northeast, Washington, D.C., commencing in August, 1997. In January, 2004, landlord provided to tenant written notice of his intent to raise the monthly rent from $555 to $850 **. Tenant refused to pay the higher rent and continued to pay landlord $555 each month.

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on August 31, 2009. The court has granted appellant's motion to publish.

** References to "tenant" in this decision refer to both the tenant and the tenant's estate.

Some eighteen months later, on June 20, 2005, landlord filed a complaint for possession of the premises based on tenant's failure to pay the requested amount. Tenant filed an answer on July 29, 2005, contending that the apartment was not registered as a rental accommodation and that landlord was attempting to charge an illegal amount of rent. She also filed a tenant petition with the Rental Accommodations and Conversion Division ("RACD"), asserting six claims against landlord.[1] Pursuant to *Drayton v. Poretsky Mgmt., Inc.,* 462 A.2d 1115 (D.C.1983), the trial court stayed the landlord-tenant action pending the outcome of the RACD proceeding and entered a protective order, which required tenant to pay the current rent of $555 into the court registry each month.

In October, 2005, RACD held a hearing on tenant's petition at which landlord did not appear. Tenant passed away on August 14, 2006, and her personal representative proceeded with the actions on behalf of the estate. Some six months after her death, on March 28, 2007, RACD issued a written order, ruling that the dwelling had not been properly registered and that the landlord had attempted to charge an illegal level of rent. Importantly, we note that RACD further determined, citing to

D.C.Code § 42–3509.01(a) (2001),[2] 14 DCMR §§ 4217.3 and 3826,[3] and *Kapusta v. District of Columbia Rental Housing Com'n,* 704 A.2d 286 (D.C.1997) (upholding RACD's order for "rent refund" of money *demanded* but never paid) (emphasis supplied), that tenant was entitled to a "refund" of the excess rent charged, but never paid. This amounted to $5,900, plus interest.[4] Landlord did not appeal the RACD order to the Rental Housing Commission ("RHC").[5] A judge of the trial court entered the RACD order as a money-judgment against the landlord on November 13, 2007 (2007–CA–003918 C).

In September of 2007, tenant moved for summary judgment on the initial complaint for possession that landlord had filed some two years earlier in the Landlord and Tenant Branch (2005–LT–210171). Tenant argued, in essence, that the RACD decision was binding on the trial court under the doctrine of collateral estoppel and that the court should award the judgment from the funds then held in the court registry. On November 9, 2007, the trial court denied the motion in an oral ruling. The record reflects that the court was troubled by the requirement in the RACD order that the landlord repay money that tenant had not

---

1. Specifically, tenant alleged (1) the rent increase was larger than the increase allowed by law, (2) notice was not given thirty days prior to the rent increase, (3) landlord did not file proper rent increase forms with RACD, (4) the rent charged exceeded any legal rent ceiling, (5) the rent ceiling on file for the unit was improper, and (6) the building in which the unit is located was not properly registered with RACD.

2. D.C.Code § 42–3509.01(a) authorizes an award either of a refund, a trebled refund, and/or rent rollback, as appropriate, where a housing provider has knowingly violated the Rental Housing Emergency Act of 1985.

3. These regulations govern the calculation of interest.

4. This amount was derived from multiplying the monthly overcharge of $295 by the 20 months landlord had attempted to collect the illegal level of rent (March 2004 to October 2005). At the time RACD issued its order, the interest owed was $484, and hence, tenant was entitled to a total refund of $6,384.

5. It appears that the landlord did, however, attempt to file an appeal from the underlying landlord-tenant case at this point. This court could not determine what landlord wished to appeal because the trial court had not issued a decision in that case. Accordingly, this court dismissed the appeal on May 17, 2007.

paid. Thus, the trial court explained that it read the order as stating only that the landlord charged illegal levels of rent and "decline[d] to find as a matter of law that the [tenant] has paid money that in fact she never paid." Accordingly, the trial court refused to order a refund in connection with tenant's motion for summary judgment.

On December 26, 2007, tenant filed a motion in the Landlord and Tenant case (2005–LTB–020171) to attach funds in the court registry in order to satisfy the judgment she had obtained in the Civil Division case (2007–CA–003918). On January 18, 2008, the court denied the motion to attach, stating that the funds in the registry were the subject of a pending *McNeal (v. Habib,* 346 A.2d 508 (D.C.1975)) hearing[6] and were not rent that had been paid.

On February 4, 2008, following the *McNeal* proceeding before a jury, tenant orally renewed her motion to have the judgment satisfied out of the money held in the court registry. The court responded, "I decline to use the result of this case as a vehicle for your collection of that judgment in a separate matter." Tenant replied that the judgment would be recorded at the Office of the Reporter of Deeds. The court noted that "the judgment is the judgment … [a]nd I don't believe it's appropriate for me to satisfy the judgment as a result of this case." Accordingly, the court released the court registry funds to the landlord and closed the Landlord and Tenant case.

In the instant appeal, tenant now contends that "the Superior Court erred by failing to grant [tenant's] motion for summary judgment," and "by refusing to attach the funds in the registry of the court."

██ Initially, we note that this court lacks subject matter jurisdiction over tenant's first claim, because we have jurisdiction to review only final orders, D.C.Code § 11–721(a)(1) (2001), and a refusal to grant a motion for summary judgment is not a final, appealable order. *In re Brown,* 974 A.2d 884, 888 (D.C.2009). Nor does it fall within any exceptions to that jurisdictional requirement. *Id.* at 889; *see also Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

██ As to tenant's second claim, we note that this court has established that a tenant is entitled to the money demanded by the landlord which is in excess of the legal rent level. *See Kapusta,* 704 A.2d at 287. Therefore, we are constrained under the circumstances here to remand this case to the trial court for the appropriate action by the trial court to have the money demanded by the landlord paid to the tenant.

*So ordered.*

---

**6.** "A *McNeal* hearing in a landlord-tenant case is specifically designed to determine whether housing code violations existed while a protective order was in effect, and, if so, whether those violations would entitle the ten- ant to an abatement of the rent paid into the court registry under the protective order." *Bown v. Hamilton,* 535 A.2d 909, 909 (D.C. 1988).