**George BASILIKO, Petitioner,**

v.

**GOVERNMENT OF the DISTRICT OF COLUMBIA et al., Respondents.**

**No. 5850.**

District of Columbia Court of Appeals.

Argued Sept. 21, 1971.

Decided Nov. 19, 1971.

Richard J. Hopkins, Washington, D. C., for petitioner.

Earl A. Gershenow, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for respondents.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

The question presented is whether the petitioner has standing to question an order denying his request for a stay of a prior order of condemnation and demolition, where he was not a party to those proceedings. He contends that he had a right to a hearing on his request for a stay because he had recently purchased the property involved with the intent to rehabilitate it, and he was not aware that a demolition bid had been awarded. He further argues that others similarly situated have been granted hearings, therefore it was a denial of due process and equal protection to deny him a hearing.

The facts are as follows: In June 1968 the Board of Condemnation for Insanitary Buildings (hereinafter called the Board) inspected a house at 1101 46th Street, N. W., and found deficiencies which made the premises unsanitary and issued a notice to the then owner to show cause why the premises should not be condemned. After unsuccessful attempts to serve the notice to show cause, service was had by publication. In November 1968 a condemnation order was published and posted on the premises. Between November 1968 and March 1970, the Board granted several extensions of time to permit the prior owner to repair the premises. The repairs were never made. In March 1971 the Board published notice of demolition of the premises, giving the owner until April 1, 1971, to commence compliance with the condemnation order. Since there was no compliance, the Board on April 26, 1971, awarded a contract for demolition of the premises.

On May 11, 1971, for the first time, the petitioner entered the picture when his attorney wrote a letter to the Board stating that Mr. Basiliko had purchased the property recently "with the intent of making substantial repairs immediately and was unaware that a demolition bid had been awarded." The letter requested a 30-day stay, and also stated that "arrangements have been made to pay the wrecking company and hold the District of Columbia harmless if the demolition work is not carried out. * * * In the event this stay is granted, substantial renovation of the property will begin immediately." On May 12, 1971, the Board by letter denied the request for a stay. On May 13, 1971, petitioner sought a temporary restraining order from the Superior Court of the District of Columbia to prevent demolition of the building, which was denied "for lack of jurisdiction over the subject matter." No appeal was taken from that order.[1] Petitioner then filed his petition for review in this court.

There is no contention of any irregularity in the proceeding which culminated in an order of condemnation and demolition. Nor is there any question of the validity of the procedure of accepting the bid for the demolition job.

The question then arises as to what standing petitioner has for a judicial review of a denial to stay these lawful or-

---

1. We note that the government took the position in that proceeding that the suit was a "contested case," as defined in the District of Columbia Administrative Procedure Act (APA), and petitioner should seek a review of the Board's order in the District of Columbia Court of Appeals. In the instant case involving the same parties, the government is now taking the opposite position, claiming this court has no jurisdiction to entertain the petition for review because there is no "contested case" within the meaning of the District of Columbia APA. It is difficult to understand why the government has taken such inconsistent positions.

ders. The District of Columbia Administrative Procedure Act, D.C.Code 1967, § 1–1510 (Supp. IV, 1971), provides in relevant part:

> Any person suffering a legal wrong, or adversely affected or aggrieved, by an order or decision of * * * an agency in a contested case, is entitled to a judicial review thereof * * *.

Since the issue of standing is for the first time before this court, we have examined the legislative history of the District of Columbia APA and find that the Reports of both houses of Congress contain the following statement:

> In general, the standards of judicial review set forth in Section 11 [of the District of Columbia APA] are identical with those found in the [Federal] Administrative Procedure Act of 1946, and as developed by controlling decisions of the Supreme Court of the United States and of the lower Federal courts.

S.Rep. No. 1581, 90th Cong., 2d Sess. 12 (1968); H. R. Rep. No. 202, 90th Cong., 1st Sess. 6 (1967).

We also find that the United States Court of Appeals for the District of Columbia has squarely met the issue of standing under the Federal Administrative Procedure Act in Ballerina Pen Co. v. Kunzig, 140 U.S.App.D.C. 98, 433 F.2d 1204 (1970), cert. denied, National Industries for Blind v. Ballerina Pen Co., 401 U.S. 950, 951 S. Ct. 1186, 28 L.Ed.2d 234 (1971), and in Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970).

 In Ballerina, after a summary of Supreme Court cases, the court announced a three-part test under which a party has standing to challenge the action of an agency.

> First, the party must allege that the challenged action has caused him injury in fact, in order to satisfy the Article III requirement that he possess "the personal stake and interest that impart the concrete adverseness" necessary to the existence of a case or controversy. * * * The plaintiff must further allege that the agency has acted arbitrarily, capriciously, or in excess of its statutory authority, so as to injure an interest that "is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." * * * Finally, there must be no "clear and convincing" indication of a legislative intent to withhold judicial review. [Citations and footnotes omitted.] [140 U.S.App.D.C. at 101, 433 F.2d at 1207.]

Has petitioner met this test? We think not. After a careful examination of the petition for review, we find the gravamen of the petition was that:

> The action of the Board in denying Petitioner's request to stay a demolition order to allow renovation of the subject property was arbitrary, capricious, and abuse of discretion, and in violation of the District of Columbia Administrative Procedure law.

This allegation does not satisfy the test laid down in Ballerina, supra. There is no allegation that the orders of condemnation and demolition caused petitioner any injury —nor that such orders were entered arbitrarily, capriciously, or in excess of the Board's statutory authority.

 We further point out that petitioner acquired no greater rights than those which the prior owner had when the admittedly valid orders were entered. Our attention has not been directed to, nor have we found, any authority which gives a stranger to the proceedings a right to a stay for the reason that he desired to rehabilitate the property after the order of demolition had been entered. The record is clear that petitioner had notice of the condemnation and order of demolition at the time of the alleged purchase. We note, however, that there is no purchase contract in the record. The fact that he did not have notice of the contract for demolition is immaterial, since he should have known at the time of the alleged purchase that such contract would follow the order of demolition. Petitioner's alleged purchase of the property did not alter his position as

a stranger to the proceedings before the Board.

Although petitioner argues that others similarly situated have been granted hearings on their requests for stay, the record is insufficient to support that allegation; therefore, the constitutional questions of equal protection and due process are not before us.

For the foregoing reasons we dismiss the petition.

Petition dismissed.