Hartford BEALER, et al., Petitioners,

v.

DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent,

3149 Mount Pleasant Street Tenant Association, Intervenor.

No. 82–1261.

District of Columbia Court of Appeals.

Argued Jan. 19, 1984.

Decided Feb. 28, 1984.

Paul D. Crumrine, Washington, D.C., with whom Kenneth J. Loewinger, Washington, D.C., was on the brief, for petitioners.

Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Barbara L. Bezdek and Suzan J. Aramaki, Washington, D.C., were on the brief for intervenor.

Before NEWMAN, Chief Judge, and KERN and TERRY, Associate Judges.

TERRY, Associate Judge:

A representative of a tenant association, acting on behalf of all the tenants in her eighteen-unit apartment building, filed a petition with the Rental Accommodations Office claiming that the tenants were entitled to a rollback and a partial refund of their rent based on a reduction in services and other deficiencies in their building. The petition estimated that the total value of the reduced services was $30,000. A hearing examiner found, after taking testimony, that the apartment building was without heat for approximately sixty-three days during a four-and-one-half month period in the winter of 1979–1980. He directed the landlord[1] to pay each tenant a refund of $5.00 per day for the sixty-three days, and ordered that the refund be trebled pursuant to D.C.Code § 45–1699.24(a) (1980 Supp.). The hearing examiner's decision was affirmed on appeal by the Rental Housing Commission. The landlord now seeks relief from this court.

■ Petitioners make four arguments, three of which we reject for various reasons.[2] First, they contend that the evidence was legally insufficient to support the examiner's finding that there had been no heat in the building for sixty-three days. They point to the fact that no housing inspector was called as a witness, nor was any documentary evidence submitted to provide a written record of the inside and outside temperatures during the period in question. Petitioners' argument is without merit. The president of the tenant association testified, "[L]ast year we had more than 63 days of no heat during the winter. That's after October 15 and before March, more than 63 consecutive days when we reported this continually to the inspector's office ... and the real estate was made aware of this first, before the inspector .... That is 63 days that I count—I stopped counting after 63 days. There were more than that." This testimony was unimpeached and unrebutted. We hold that it was "substantial evidence," as that term is used in D.C.Code § 1–1510(a)(3)(E) (1981), and that it provided a sufficient basis for the examiner's finding.

---

1. The petitioners in this case are the owner of the building and the corporation which manages the property on behalf of the owner. We shall refer to them both collectively as the landlord.

2. At oral argument counsel for petitioners withdrew two additional claims of error which he had made in his brief.

Petitioners also maintain that the Commission erred in rendering a decision in favor of all the tenants in the apartment building, since the tenant association president supposedly appeared before the hearing examiner only as an individual, not as a representative of the other tenants. Further, they assert that they received no notice of the claim of inadequate heat, so that they were deprived of any opportunity to rebut it. Petitioners did not present either of these arguments to the Commission, however, and thus we cannot consider them now. *E.g., DeLevay v. District of Columbia Rental Accommodations Commission,* 411 A.2d 354, 358 (D.C.1980).

Finally, petitioners contend that there is no basis in the record for the hearing examiner's decision to award a $5.00-a-day refund to each tenant for the sixty-three heatless days. Respondent concedes that the hearing examiner did not explain how he arrived at the $5.00 figure and suggests that the case be remanded for

further proceedings on this issue. We agree.[3] As respondent points out in its brief, "[t]here may well be an explanation for the figure ... but none appears in the decision, nor can one readily be inferred from the record." We therefore remand this case to the Rental Housing Commission, with directions to send it back to the hearing examiner for a full statement of his reasons for concluding that a refund in the amount of $5.00 per day was appropriate. *See Delwin Realty Co. v. District of Columbia Rental Housing Commission,* 458 A.2d 58, 60 (D.C.1983). In all other respects the decision of the Commission is affirmed.

*Affirmed in part, remanded in part.*

---

**3.** The intervenor makes no such concession, but argues forcefully that the award of $5.00 per day was "reasonable under the circumstances." We cannot accept this argument because the record is inadequate to support it.