**QUALITY MANAGEMENT, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

**No. 85–236.**

District of Columbia Court of Appeals.

Argued Jan. 7, 1986.

Decided Feb. 19, 1986.

Paul D. Crumrine, Washington, D.C., for petitioner.

Michele Giuliani, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., were on brief, for respondent.

Before MACK, FERREN and TERRY, Associate Judges.

MACK, Associate Judge:

Petitioner Quality Management, Inc., a landlord, seeks review of an agency decision imposing penalties for violations of the rent control statutes. The Rental Housing Commission ruled that petitioner had "knowingly" collected rent in excess of the maximum allowable for the disputed tenancy and that petitioner was accordingly liable for a treble rent refund.[1] Finding no error, we affirm this decision.[2]

I

In October 1980, Claudette Reid took up occupancy in Apartment 204 at 2215 Hunter Place in Southeast Washington. Her rental payments began at $308 per month.[3] Petitioner, her landlord, raised this rent at various intervals so that by March 1, 1984, the payments had climbed to $370 per month.[4]

On December 16, 1983, Ms. Reid filed a tenant petition with the Rental Accommodations Office. On August 27, 1984, a hearing examiner determined that Ms. Reid had been charged rent in excess of the legal maximum for a period of two years, four months and four days. The hearing examiner ordered a rent refund in the amount of $2,450. D.C.Code § 45-1591(a) (1981). The hearing examiner also awarded reasonable attorneys' fees against Quality Management, Inc. *Id.* § 45-1592. Finding that petitioner had "unknowingly" violated § 45-1591(a), the hearing examiner did not treble the rent refund as she was otherwise empowered to do by that section.

1. D.C.Code § 45-1591(a) (1981) provides, in relevant part:

    Any person who knowingly: (1) Demands or receives any rent for a rental unit in excess of the maximum allowable rent ...; or (2) substantially reduces or eliminates related services previously provided for a rental unit shall be held liable ... for the amount by which the rent exceeds the applicable rent ceiling or for treble that amount and/or for a roll back of the rent to such amount as the Rent Administrator or Rental Housing Commission shall determine.

2. Petitioner raises a number of issues apart from the treble damages award. These are all without merit. Petitioner contends that "[t]he landlord is entitled to the 10.5% 1981 automatic rent increase as part of its rent ceiling" on the ground that its failure to implement the increase when authorized did not constitute a waiver. This contention is not properly before this court, never having been appealed to the Commission, and we therefore have no jurisdiction to entertain it. *Auger v. District of Columbia Bd. of Appeals & Review,* 477 A.2d 196, 205 (D.C.1984). Petitioner concedes that its remaining arguments are precluded by our recent decision in *Charles E. Smith Management, Inc. v. District of Columbia Rental Hous. Comm'n,* 492 A.2d 875 (D.C.1985).

3. The Hearing Examiner later found that the maximum rent allowable at that time was $247 per month.

4. During the same period, the rent ceiling had risen to $308 per month.

Both petitioner and its tenant appealed to the Rental Housing Commission ("the Commission") from this determination. On February 7, 1985, that agency affirmed the hearing examiner's decision in its entirety, with the sole exception of the treble damages issue. The Commission described as "clear error" the hearing examiner's ruling that the landlord did not "knowingly" violate the rent control laws and also found that "no mitigating circumstances have been shown to preclude an award of treble damages." On this basis the Commission reversed the hearing examiner and trebled the award.

## II

■ At the outset, we note that § 45–1591(a) must be "knowingly" violated in order for *any* relief to be properly granted—a rent refund, a treble award or a roll-back of the rent to the legal maximum.[5] The hearing examiner's decision was therefore clearly erroneous to the extent that it awarded a rent refund while simultaneously refusing to treble the award on the ground that petitioner had "unknowingly" violated the statute. In order to eliminate this inconsistency, the Commission was obliged to make its own determination, based on the hearing record, as to whether petitioner had "knowingly" engaged in the prohibited conduct. The Commission was thus required to interpret § 45–1591(a).

"Since the Commission is charged with the administration of the rent control statutes, we owe deference to its interpretation

thereof (as well as to its interpretation of regulations they promulgate), unless the interpretations are unreasonable." *Charles E. Smith Management, Inc. v. District of Columbia Rental Housing Commission, supra* note 2, 492 A.2d at 877. In this case, we cannot say that the Commission's interpretation of its controlling statute was unreasonable. In essence, the Commission held that the term "knowingly" imports only a knowledge of the essential facts bringing petitioner's conduct within the reach of § 45–1591(a); and, from such knowledge of the essential facts, the law presumes knowledge of the legal consequences arising from performance of the prohibited conduct. In other words, contrary to petitioner's assertion, actual knowledge of the unlawfulness of the act or omission is not required. This reading of the word "knowingly" might render immune from § 45–1591(a) those landlords whose violations result from excusable ignorance of some material fact, but not those who plead only that they did not understand the law.

Apart from being reasonable in itself, this interpretation of the word "knowingly" in § 45–1591(a) promotes the compensatory purposes of single rent refunds, preserves the deterrent and punitive effects of treble awards and encourages rent rollbacks to ensure that maximum allowable rents are not exceeded. It is further supported by the necessity to draw some independent meaning from the word "willfully" as used in another context in § 45–1591(b).[6]

---

**5.** We note also that petitioner does not invoke its argument that the illegal rent was not "knowingly" collected in order to challenge the Commission's affirmance of the $2,450 rent refund.

**6.** Section 45–1591(b) prohibits anybody from collecting rent increases that have been disapproved, making false statements in filing rent control documents, or otherwise behaving in a manner contrary to the rent control statute. A $5,000 fine is provided for each occasion on which § 45–1591(b) is "willfully" violated. From the context it is clear that the word "willfully" as used in § 45–1591(b) demands a more culpable mental state than the word "knowingly" as used in § 45–1591(a). This interpretation

is buttressed by reference to the legislative history, which both counsel invoked at oral argument. The Commission, without objection by petitioner, subsequently furnished us with a partial transcript of the debate in the D.C. Council concerning the insertion of the word "knowingly" into § 45–1591(a). The following exchanges occurred:

Mr. Wilson: Mr. Chairman, would the General Counsel describe "knowingly" as described by law?....

Mr. Mirel: .... There is a difference. "Willfully" goes to intent to violate the law. "Knowingly" is simply that you know what you are doing. A different standard. If you know that you are increasing the rent, the fact

Finally, the Commission's interpretation is fully in keeping with the statutory purposes of rent control as set forth in § 45–1502. For these reasons we are convinced that the Commission's understanding of the term "knowingly" came well within the agency's latitude to adopt any reasonable construction.

We have considered also the regulation adopted to guide the agency in awarding treble damages.[7] This regulation has not been challenged and we therefore treat it was binding upon the Commission for the purpose of our analysis in the present case.

### III

■ Having determined that the Commission's interpretation of § 45–1591(a) was reasonable, our only remaining function is to ensure that the resulting law was properly applied. The decision will not be disturbed if there exists substantial evidence to support it. *Liberty v. Police & Firemen's Retirement & Relief Board,* 410 A.2d 191, 192 (D.C.1979). Although the record is deficient,[8] such evidence does emerge.

On December 31, 1978, petitioner purchased a property consisting of six buildings, one of which contained the apartment later occupied by Ms. Reid. Petitioner concedes that, throughout the relevant period, it knew that rent control applied to Ms. Reid's apartment and, yet, it charged rent above the maximum allowable. Petitioner's claim that it did not "knowingly" violate § 45–1591(a) rests on the assertion that such violations were the product of a good faith misunderstanding of its obligations due to an inadequate knowledge of the rent control laws. Accepting this as true, it remains uncontested that petitioner was fully aware of the essential fact giving rise to the § 45–1591(a) violation: that it sought to increase Ms. Reid's rent. Petitioner "knowingly" engaged in the prohibited course of conduct, even if not fully appreciating its legal consequences. An "erroneous reading of the statute does not excuse [petitioner's] violation of it." *Feldman v. District of Columbia Rental Housing Commission,* 501 A.2d 781, 785 (D.C.1985). There was substantial evidence to support the Commission's ruling that petitioner "knowingly" violated the terms of § 45–1591(a).

After concluding that petitioner had overcharged its tenant, the Commission's regulation required it to decide whether the surrounding circumstances indicated that "the landlord acted in good faith, and that good cause existed for providing only a single award." On this point the Commis-

---

that you don't intend to violate the law would be "knowingly". If you also intended to violate the law, that would be "willfully".

. . . .

Chairman Dixon: A point of information. Do we have before us "willfully" or "knowingly"?
Ms. Jarvis: I moved·"knowingly". I moved to lower the standard.
Chairman Dixon: Lower the standard. All right. Fine. Roll call, please.

. . . .

Mr. Brown: Mr. Chairman, the vote is 9 in favor, 2 opposed and 2 present.
Chairman Dixon: All right, fine. The motion carries.
Council of the District of Columbia, Council Period 3, Second Session, 43rd Legislative Session at 88–93 (Nov. 14, 1980) (transcript available in the District Building).

7. 14 DCMR § 3410.2 (1985) provides:
Refunds of rent shall be trebled unless the surrounding circumstances of the violation(s) indicate that the landlord acted in good faith, and that good cause exists for providing a single award. The hearing examiner shall explain in his or her decision the factors that justify a single rent refund.

8. Petitioner has the burden of presenting this court with a record sufficient to show affirmatively that error occurred. *Cohen v. Rental Hous. Comm'n,* 496 A.2d 603, 605–607 (D.C. 1985). Petitioner belatedly moved to supplement the record with a transcript of the proceedings before the hearing examiner. We make no ruling on this motion, because the unsupplemented record reveals evidence of a knowing violation sufficient to uphold the agency decision. We point out, nevertheless, that if a knowing violation did not appear from the original record, reversal would be inappropriate without the additional transcript, as we could not then confidently hold that substantial evidence did not exist.

sion held: "we believe that no sufficient mitigating circumstances have been shown to preclude an award of treble damages." Even assuming "good faith", the evidence supported the finding that the excuse of legal ignorance was not "good cause" justifying a single rent refund. *E.g. Yasuna v. District of Columbia Rental Housing Commission,* 504 A.2d 605, 609 (D.C.1986).

The final decision of the Commission, imposing a treble rent refund and other penalties upon petitioner, is affirmed.

*So ordered.*