**Mary M. WEBB, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent,**

**Jenny A. Sternbach, Intervenor.**

**No. 85–401.**

District of Columbia Court of Appeals.

Argued Jan. 7, 1986.

Decided Feb. 27, 1986.

Bardyl R. Tirana, Washington, D.C., for petitioner.

Michele Giuliani, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

Jenny A. Sternbach, Washington, D.C., pro se.

Before MACK, FERREN and TERRY, Associate Judges.

FERREN, Associate Judge:

Petitioner, a landlord, challenges a decision of the Rental Housing Commission (RHC) which (1) held she knowingly had charged rent in excess of the rent ceiling and (2) ordered her to refund treble the amount of the overcharges to the tenant-intervenor. D.C.Code § 45–1591(a) (1981).[1] Petitioner claims the Hearing Examiner's finding that there was "no evidence" she "acted knowingly or willfully" precluded the RHC from imposing any penalty against her. Petitioner also contends the RHC, in any event, had no authority to treble the amount of the refund otherwise available under the statute, in view of the Hearing Examiner's finding that she had not acted "knowingly or willfully." We affirm.

### I.

In 1974, the landlord inherited from her mother a one-half interest in a six-unit apartment building at 4016 Calvert Street, N.W. She managed the property for herself and for her then minor niece and nephews, who owned the other half interest. On December 4, 1982, the tenant-intervenor moved into apartment six in the Calvert Street building, agreeing to pay the requested monthly rental of $320.00.

On March 25, 1984, the tenant wrote a letter to the D.C. Department of Consumer and Regulatory Affairs, Condominium and Coop Conversion and Sales Branch, seeking advice on her rights as a tenant in connection with her landlord's proposed sale of the apartment building. The Branch referred the tenant to the Rental Accommodation and Conversions Division. In May

---

1. D.C.Code § 45–1591(a) (1981) provides:

Any person who knowingly: (1) Demands or receives any rent for a rental unit in excess of the maximum allowable rent applicable to that rental unit under the provisions of subchapter II of this chapter; or (2) substantially reduces or eliminates related services previously provided for a rental unit shall be held liable by the Rent Administrator, or Rental Housing Commission, as applicable, for the amount by which the rent exceeds the applicable rent ceiling or for treble that amount and/or for a roll back of the rent to such amount as the Rent Administrator or Rental Housing Commission shall determine.

1984, she visited the Rental Accommodations Office and reviewed the file for 4016 Calvert Street, N.W. The tenant discovered the legal rent for her apartment was $160.00, not $320.00. She filed a tenant petition requesting a treble refund of the illegal rent overcharges.

On August 21, 1984, following a hearing attended by the tenant (herself a lawyer) and the landlord (represented by counsel), the Hearing Examiner issued a Decision and Order holding the landlord liable for rent overcharges. The Hearing Examiner noted the landlord testified under oath that she was familiar with rent control through reading the newspapers. The Examiner also found that, based on the landlord's prior registration of the property, plus a 5% rent increase allowed by statute, the legal rent for apartment six was $163.00 per month. Accordingly, the Examiner ordered the landlord to pay $2,933.00 representing rent overcharges from the beginning of the intervenor's tenancy until May 9, 1984, when the landlord sold the building. The Hearing Examiner also noted that under Section 901 of the Rental Housing Act of 1980, codified at D.C. Code § 45–1591 (1981), a landlord must pay treble the rent refund for a "knowing" violation of the rent ceiling. The Examiner did not award a treble refund, however, because he concluded the landlord had not acted "willfully or knowingly."

The landlord appealed the rent refund order to the RHC, and the intervenor filed a cross-appeal on the failure to treble the award. On March 25, 1985, the RHC affirmed the rent refund and, granting the cross-appeal, ordered the refund trebled. The RHC noted the landlord had not disputed that the legal rent ceiling was $163.00 and that she had been charging rent above the legal ceiling. The RHC also ruled that the Hearing Examiner had "erred in concluding that the landlord did not act knowingly." According to the RHC, the fact that the landlord twice had filed Landlord Registration Forms indicated "beyond doubt" that she knew about the rent control laws. Accordingly, the law mandated a rent refund. Finally, because the RHC found there was no "good cause" to justify the rent overcharge, the RHC held the rent refund must be trebled under 14 DCMR § 3410.2 (1983).

## II.

Petitioner claims the RHC cannot substitute its judgment for the Hearing Examiner's finding that the "landlord did not act knowingly." We disagree, for the Hearing Examiner misapplied the law—the definition of "knowingly"—in making this finding.

■ In *Quality Management, Inc. v. District of Columbia · Rental Housing Commission,* 505 A.2d 73 (D.C.1986), we said:

"knowingly" imports only a knowledge of the essential facts bringing petitioner's conduct within the reach of § 45–1591(a); and, from such knowledge of the essential facts, the law presumes knowledge of the legal consequences arising from performance of the prohibited conduct. In other words ... actual knowledge of the unlawfulness of the act or omission is not required.

At 75. In the present case, the RHC, unlike the Hearing Examiner, essentially applied the foregoing definition to undisputed facts. The RHC concluded the Examiner had erred because the "[l]andlord twice attempted registrations with RAO, in 1976 and 1980, indicating beyond doubt that her knowledge of rent control was real and not merely imputed." Specifically, the two previous Landlord Registration Forms filed on behalf of the landlord, one of which the landlord had signed, listed the legal rent for apartment six at $155.00 and $160.00, respectively. Therefore, according to the RHC, the landlord clearly knew the property was subject to rent control and thus was charged with knowledge of what the law required.

In this respect, this case is no less compelling than *Feldman v. District of Columbia Rental Housing Commission,* 501

A.2d 781 (D.C.1985). There, the landlord had filed a registration statement with the Rent Administrator showing the landlord was aware of the applicable rent ceiling. He had charged the tenant in excess of that amount, erroneously believing the apartment was exempt from rent control. We concluded this was enough to show a "knowing" violation of D.C.Code § 45–1591(a) (1981), since "[h]is erroneous reading of the statute does not excuse his violation of it." *Id.* at 785 (citation omitted). *See also Yasuna v. District of Columbia Rental Housing Commission,* 504 A.2d 605 at 609 (D.C.1986).

Applying both *Quality Management* and *Feldman,* we conclude the RHC correctly ruled, based on substantial evidence, that the landlord in the present case knowingly charged a rent in excess of the rent ceiling, thus violating D.C.Code § 45–1591(a) (1981).

### III.

We further conclude the RHC's decision ordering a treble refund was appropriate. 14 DCMR § 3410.2 (1985) provides: "Refunds of rent shall be trebled unless the surrounding circumstances of the violation(s) indicate that the landlord acted in good faith, *and* that good cause exists for providing a single award." (Emphasis added.)[2] The validity of this regulation is not challenged.

■ The RHC found the landlord acted "negligently, at best." Substantial evidence in the hearing record supports that finding. Although the landlord did not have any previous experience in managing buildings, her filing of the two Landlord Registration Forms indicates she had actual knowledge of the rent control laws and the rent ceiling for apartment six. The landlord may have lacked a sophisticated understanding of the workings of the rent control law and, for that reason, did not apply for a rent increase. Although this may indicate that she acted in "good faith," we perceive no basis for overruling the RHC's conclusion that this did not constitute "good cause" within the meaning of the regulation, particularly because of the landlord's actual knowledge of the rent ceiling. The Landlord Registration Forms filed by the landlord contained proper rent increase application forms, putting the landlord on notice of proper procedures for obtaining rent increases. The RHC's order of a treble refund, therefore, was a sanction "within [the] agency's statutory power to impose." *Kegley v. District of Columbia,* 440 A.2d 1013, 1020 n. 11 (D.C.1982).

*Affirmed.*

---

2. *Compare* Rental Housing Act of 1985, § 901(a) (32 D.C.Reg. 3134 (1985)), D.C.Law 6–10 (32 D.C.Reg. 4438 (1985)), to be codified at D.C. Code § 45–2591(a) (1986 Supp.) ("treble that amount (in the event of bad-faith)") *and* 14 DCMR § 4210.2 (32 D.C.Reg. 6801 (1985)) ("Refunds of rent shall not be trebled under Section 4210.1 of this sub-title unless the surrounding circumstances indicate that the housing provider acted in bad faith.")