**Richard MUDD, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION,
Respondent.**

No. 87–475.

District of Columbia Court of Appeals.

Submitted July 1, 1988.

Decided Aug. 29, 1988.

---

**25.** The message to L.J.'s friends if he were prematurely released would also be questionable.

James A. Price Washington, D.C., was on the brief, for petitioner.

No brief was filed for respondent.

Before FERREN, BELSON and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Petitioner Richard Mudd, who operates a real estate management company, appeals from the April 23, 1987, decision of the Rental Housing Commission (RHC) affirming the Rental Accommodations and Conversion Division's (RACD) award of treble damages against him under D.C.Code § 45–1591(a) (1981). He contends that the assessment was an abuse of discretion because it was "totally unreasonable and highly unfair." He argues first that the statute is unconstitutional because it vests in the Rent Administrator absolute discretion to assess treble damages without any limiting standards. Second, he contends the provision is an unreasonable and illegal exercise of the police powers of the District of Columbia. Third, he maintains that the "Rent Commissioner" has exceeded his powers under the Rental Accommodations Act by failing to set standards, rules and regulations, and criteria whereby the Hearing Examiner can equitably set damages, thereby making it impossible for him to mount a defense and resulting in an arbitrary, capricious, and unreasonable assessment of treble damages. We affirm.

As a factual predicate, Mudd argues that the tenant, Calvert Davis, moved into the property in question fully aware of its unsatisfactory condition and only raised the issue of a reduction in services after he learned that the owner, Jung Keung Lee, would not accept him "as a tenant" since Lee, a resident of New York, wanted to sell, not rent, the house. Mudd agrees Davis is entitled to a reduction in his rent

because of the condition of the property but protests that Davis should not also be allowed treble damages.

The decision and order of the RHC describes the condition of the property and how Mudd got into the predicament he did, and those findings are supported by substantial evidence in the record. *Webb v. District of Columbia Rental Housing Comm'n,* 505 A.2d 467, 470 (D.C.1986). Mudd let Davis enter onto Lee's property as a tenant. This was contrary to Lee's explicit directions that he wanted to sell the house and not rent it, and Lee never acquiesced in Mudd's actions. No formal lease agreement was ever executed. The property was in a condition of serious disrepair when Davis first entered, lacking a working stove, refrigerator and toilet. Davis was also without electricity for a time and without heat during the winter months because of a faulty furnace. Despite repeated requests by Davis for repairs, Mudd failed to correct major deficiencies for seven to eight months. Still other repairs were not made until after a court had ruled that Davis was a tenant and even then the repairs were made by Lee, not Mudd.

This court has previously upheld against constitutional attack the authority of the Council of the District of Columbia to enact a rent control statute as a valid exercise of its police powers. *Apartment and Office Building Ass'n v. Washington,* 381 A.2d 588, 590 (D.C.1977). The statute at issue there, the District of Columbia Rental Accommodations Act of 1975, D.C.Code § 45–1631 *et seq.* (1977 Supp.), also contained a provision allowing for the imposition of treble damages upon a finding that a person had demanded or received rent in excess of the maximum allowable rent that could be charged for a unit or who had substantially reduced or eliminated related services. D.C.Code § 45–1655(a) (1977

Supp.). Upon examining Mudd's constitutional challenges to the treble damages provision of the Rental Housing Act of 1980, D.C.Code § 45–1591(a) (1981), we find them meritless. *See generally Pennell v. City of San Jose,* —— U.S. ——, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988) (upholding municipal rent control ordinance against due process and equal protection challenges).

 Contrary to Mudd's contention, § 45–1591(a) is not without standards since there must be a finding of willfulness before treble damages may be assessed. *See, e.g., Quality Management, Inc. v. District of Columbia Rental Housing Comm'n,* 505 A.2d 73, 75–76 (D.C.1986) (affirming agency interpretation of statute). The RHC has promulgated regulations which provide that "[r]efunds of rent shall be trebled unless the surrounding circumstances of the violation(s) indicate that the landlord acted in good faith, and good cause exists for providing a single award." 14 DCMR § 3410.2 (1985).[1] Again, contrary to Mudd's contention, a defense can be effectively mounted against § 45–1591(a). *See, e.g., Quality Management, supra,* 505 A.2d at 75. Indeed, the instant case demonstrates that the discretion to award treble damages is neither unlimited nor indefensible.

The Hearing Examiner found that Davis had received no more than minimal shelter and awarded treble damages against Mudd and Lee because they were aware of the deficiencies and failed to correct them despite repeated requests for eight months. The RHC affirmed the award against Mudd, rejecting his argument that Davis had known of the condition of the property and took it "as is." The RHC viewed that equitable argument as unavailable to Mudd, who had breached the terms of the listing agreement with Lee and subjected Davis to serious and extensive deficiencies and improperly created a tenancy that

---

1. No claim is made that the more stringent standard of the Emergency Rental Housing Act of 1985, requiring a showing of bad faith before treble damages can be imposed, applies. Although the petition in this case was filed when the Rental Housing Act of 1980 was in effect, the hearing before the RACD began and ended while the 1985 act was in effect. *Cf. Askin v. District of Columbia Rental Housing Comm'n,* 521 A.2d 669, 672 nn. 7 & 8 (D.C.1987) (procedural provisions of act in effect at time of hearing apply). The RHC found that even under the more stringent standard Lee's actions were in good faith.

eventually subjected Davis to a lawsuit for possession. It further found persuasive the Hearing Examiner's interpretation of the Rental Housing Act of 1980 that a landlord's failure to provide basic services and facilities, such as a working stove, refrigerator, and heat, constituted a reduction in services under D.C.Code § 45–1522.

As to the awards of treble damages against Mudd and Lee, the RHC reversed the award against Lee, finding that Lee became a landlord only as a result of the unauthorized act of his agent and that when he became a landlord he actively endeavored to meet his obligations. Thus, while Lee was a "knowing" landlord, he acted in good faith and there was good cause to relieve him of treble damages. Accordingly, the RHC noted, while it affirmed the finding of liability, it held each Mudd and Lee liable only for his own obligation.

Under these circumstances, Mudd's constitutional challenges fail.

 Finally, we find no abuse of discretion in the assessment of treble damages against Mudd. Mudd does not dispute that the actions of his company's agent in renting the property contrary to the owner's direction and in failing to correct serious deficiencies in the property for eight months were improper, and none of his arguments suggests an abuse of discretion. *Webb, supra,* 505 A.2d at 470.[2]

Accordingly, the decision and order of the Rental Housing Commission is affirmed.

**2.** Mudd also appeals from the awards of attorney's fees to Davis and Lee. He contends that Davis is not entitled to such an award, since there is no record evidence he ever actually paid any fees. Mudd relies on *Strand v. Frankel,* 115 Daily Wash.L.Rptr. 2205 (D.C.Super.Ct. Sept. 4, 1987), where the trial court declined to award fees since representation had been provided free by the Antioch School of Law Legal Clinic. *Id.* at 2212. Unlike that case, however, the record here shows that Davis was represented by counsel to whom he must pay a fee. *See Ungar v. District of Columbia Rental Housing Comm'n,* 535 A.2d 887, 892 (D.C.1987) (statutory provision permitting discretionary award of attorney's fees creates presumptive entitlement of fees to prevailing party which may be withheld if equities indicate otherwise). However, while the record indicates that Davis' attorney filed a motion for the award of attorney's fees, there is nothing in the record before us to indicate that attorney's fees were awarded. *Cohen v. District*

*of Columbia Rental Housing Comm'n,* 496 A.2d 603, 605 (D.C.1985) (party challenging agency decision has burden of providing appellate court with adequate record) (citing *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C. 1983)). More importantly, the issue was not raised by Mudd before the RHC. *DeLevay v. District of Columbia Rental Accommodations Comm'n,* 411 A.2d 354, 358 (D.C.1980) (court cannot reverse on ground neither presented to nor ruled upon by agency). *See also Bealer v. District of Columbia Rental Housing Comm'n,* 472 A.2d 901, 903 (D.C.1984); *Remin v. District of Columbia Rental Housing Comm'n,* 471 A.2d 275, 279 (D.C.1984). As to Lee, Mudd contends that they had an agreement that attorney's fees would be limited to $45.00 per hour, but the hearing examiner nevertheless awarded $75.00. Again, the record does not indicate either the agreement or an award of attorney's fees to Lee, and Mudd failed to present the issue to the Commission.